UNITED STATES of America,
Appellee,

v.

Patricia HARRIS, Sonia Bridgmohan,
Defendants–Appellants.

Nos. 05–2479–CR, 05–2486–CR.

United States Court of Appeals,
Second Circuit.

Feb. 16, 2006.

Evans D. Priestson, New York, New York, for Defendant–Appellant Patricia Harris.

Spiros A. Tsimbinos, New York, New York, for Defendant–Appellant Sonia Bridgmohan.

John Buretta, Assistant United States Attorney, (Susan Corkery, Assistant United States Attorney, on the brief) for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, New York.

PRESENT: Honorable REENA RAGGI, Honorable PETER W. HALL, Circuit Judges, and Honorable EDWARD R. KORMAN, District Judge.[1]

1. The Honorable Edward R. Korman, Chief Judge of the United States District Court for

## SUMMARY ORDER

Defendants Patricia Harris and Sonia Bridgmohan appeal judgments of conviction entered on May 2, 2005, after a jury trial in the United States District Court for the Eastern District of New York, at which each woman was found guilty of substantive and conspiratorial possession of counterfeit business securities. *See* 18 U.S.C. §§ 371, 513(a). Harris was sentenced to 63 months and Bridgmohan to 30 months in prison. Each woman was further sentenced to three years of supervised release, a $200 special assessment, and $46,653.32 in restitution. On this appeal, both women contend that (1) the trial evidence was legally insufficient to support the jury's guilty verdict. Harris further argues that (2) evidence seized from her residence should have been suppressed, (3) the admission of Bridgmohan's redacted post-arrest statements violated Harris's right of confrontation, and (4) her incarceratory sentence is unreasonable. Bridgmohan further argues that (5) the redaction of her post-arrest statements prejudiced her ability to defend herself, and (6) her trial counsel was constitutionally ineffective. In discussing these claims, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *Sufficiency*

A defendant raising a constitutional sufficiency challenge carries a "heavy burden." *United States v. Aleskerova,* 300 F.3d 286, 292 (2d Cir.2002). The defendant must demonstrate that the evidence, even when viewed in its totality and in the light most favorable to the prosecution, would not permit "*any* rational trier of fact" to find the elements of the charged crime proved beyond a reasonable doubt.

*Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original); *see United States v. Salmonese,* 352 F.3d 608, 618 (2d Cir.2003). That is not this case. Although much of the evidence against the defendants was circumstantial, particularly with respect to their *mens rea,* the evidence was extensive and, when viewed in its totality, convincingly demonstrated defendants' guilt. The law permits a guilty verdict to be based entirely on circumstantial evidence. *See United States v. Morgan,* 385 F.3d 196, 204 (2d Cir.2004). Indeed, it recognizes that *mens rea* elements such as knowledge, intent, and conspiratorial agreement can often be proved only through circumstantial evidence. *See United States v. MacPherson,* 424 F.3d 183, 195 (2d Cir. 2005); *United States v. Jones,* 393 F.3d 107, 111 (2d Cir.2004).

Accordingly, we reject defendants' sufficiency challenges as without merit.

### 2. *The Search of Harris's Residence*

Harris argues that the district court erred in denying her motion to suppress certain evidence seized during a warrantless search of her residence on a finding that Harris had, in fact, consented to the search. *See United States v. Kon Yu-Leung,* 910 F.2d 33, 41 (2d Cir.1990); *see also United States v. Lewis,* 386 F.3d 475, 481 (2d Cir.2004) (recognizing consent as exception to general warrant and probable cause requirements for reasonable search). We apply deferential review to a district court finding of consent and will reverse only for clear error. *See United States v. Ansaldi,* 372 F.3d 118, 129 (2d Cir.2004). We find no such error in this case.

█ To the extent Harris testified that she did not give a verbal consent to the

the Eastern District of New York, sitting by

designation.

search of her residence and law enforcement agents testified that she did, the district court's decision to credit the latter witnesses fell well within its discretion. *See, e.g., United States v. Monzon,* 359 F.3d 110, 119–20 (2d Cir.2004).

To the extent Harris submits that, if she gave such verbal consent, it could not have been voluntary, her argument depends on a view of the evidence most favorable to her rather than the prosecution. When the evidence is viewed in its totality and in the light most favorable to the prosecution, it supports the district court's finding of voluntary consent. *See, e.g., Schneckloth v. Bustamonte,* 412 U.S. 218, 232–33, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973) (noting that knowledge of right to refuse consent is not essential to voluntary consent); *see also United States v. Lattimore,* 87 F.3d 647, 651 (4th Cir.1996) (holding that refusal to sign consent form does not necessarily vitiate prior oral consent); *United States v. Thompson,* 876 F.2d 1381, 1384 (8th Cir.1989) (same); *United States v. Castillo,* 866 F.2d 1071, 1081–82 (9th Cir. 1988) (same).

Accordingly, the evidence seized as a consequence of the consensual search was properly admitted into evidence at trial.

3. *The Redacted Bridgmohan Statement*

a. *Harris's Argument*

■ Harris argues that the introduction into evidence of Bridgmohan's redacted post-arrest statement at the defendants' joint trial violated her right of confrontation as interpreted by the Supreme Court in *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), and *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). We disagree.

The law in this circuit holds that a defendant sustains no Sixth Amendment *Bruton* injury if a co-defendant's inculpatory statement is redacted so that " 'the statement standing alone does not otherwise connect [the non-declarant defendant] to the crime[ ].' " *United States v. Williams,* 936 F.2d 698, 700 (2d Cir.1991) (quoting *United States v. Tutino,* 883 F.2d 1125, 1135 (2d Cir.1989)); *see also United States v. Mussaleen,* 35 F.3d 692, 696 (2d Cir.1994). As in this case, redaction most commonly substitutes a neutral pronoun or word for any mention of a non-declarant defendant. Such action satisfactorily addresses *Bruton's* concern, even if other evidence in the case indicates that the neutral word or pronoun is a reference to the non-declarant defendant. *See United States v. Williams,* 936 F.2d at 700–701. Thus, no *Bruton* concern is raised by Bridgmohan's redacted statement that (1) she had lent a computer found to have been used in the charged crime to "another person" (other than an earlier referenced cousin) and (2) other people in the household had used the computer.

■ Nor does the redacted statement raise a *Crawford* problem, *see Crawford v. Washington,* 541 U.S. at 59, 124 S.Ct. 1354 (holding that out-of-court "testimonial" statement offered against an accused is inadmissible unless the witness is unavailable and the defendant had prior opportunity to cross-examine), for the simple reason that Bridgmohan's statement was not offered against Harris, but only against Bridgmohan. The jury was explicitly instructed as to this limitation, and we assume it followed that instruction. *See United States v. Downing,* 297 F.3d 52, 59 (2d Cir.2002). Accordingly, we reject Harris's *Crawford* challenge.

In light of the noted redactions and instructions, we similarly reject Harris's argument that a jury would have inferred *her* guilt from the prosecution's argument

that Bridgmohan's statement demonstrated Bridgmohan's consciousness of guilt.

### b. *Bridgmohan's Objection*

■ Bridgmohan asserts that the redaction of her post-arrest statement rendered the statement "absurd" and "extremely far fetched," thereby impeding her ability to present a colorable defense. Because Bridgmohan did not object to the nature of the redaction in the district court, we review this claim only for plain error. *See United States v. Carr*, 424 F.3d 213, 219 (2005) (citing *United States v. Rybicki*, 354 F.3d 124, 129 (2d Cir.2003) (*en banc*)). We find no such error in this case.

Bridgmohan's argument appears premised on the rule of completeness, *see* Fed. R.Evid. 106; *United States v. Mussaleen*, 35 F.3d at 696, which is violated " 'only where admission of the statement in redacted form distorts its meaning or excludes information substantially exculpatory of the declarant,' " *United States v. Yousef*, 327 F.3d 56, 154 (2d Cir.2003) (quoting *United States v. Benitez*, 920 F.2d 1080, 1086–87 (2d Cir.1990)). The redaction in this case certainly did not exclude any exculpatory information. Nor did it distort the statement's meaning. There were illogical inconsistencies in Bridgmohan's statement about the persons to whom she had given access to the suspect computer even before Harris's name was replaced with neutral words and pronouns.

### 4. *Bridgmohan's Ineffective Assistance Claim*

In a variation on the preceding argument, Bridgmohan submits that her trial counsel was constitutionally ineffective for failing to object to the redaction of her post-arrest statement. Recently, the Supreme Court has cautioned that "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance," *Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003), and we have noted our own "baseline aversion to resolving ineffectiveness claims on direct review," *United States v. Wellington*, 417 F.3d 284, 288 (2d Cir.2005) (internal quotation marks and citation omitted); *see also United States v. Morris*, 350 F.3d 32, 39 (2d Cir.2003). Nevertheless, when an ineffective assistance claim is patently lacking in merit, we may exercise our discretion to decide the claim on the record before us. *See United States v. Wellington*, 417 F.3d at 288. We do so here.

As noted in the previous section, the admission of the statements in redacted form did not violate the rule of completeness because the admission did not distort the statements' meaning or exclude information substantially exculpatory of the declarant. *See United States v. Yousef*, 327 F.3d at 154. Consequently, Bridgmohan cannot demonstrate that there is a reasonable probability that, but for her counsel's failure to object to the admission of the redacted statements, " 'the result of the proceeding would have been different,' " *United States v. Wellington*, 417 F.3d at 287 (quoting *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)), because any objection to the admission of these statements would have been properly overruled. In light of this failure to show prejudice, we reject Bridgmohan's ineffective assistance of counsel challenge as without merit.

### 6. *The Reasonableness of Harris's Sentence*

In challenging the reasonableness of her sentence, *see United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 766, 160 L.Ed.2d 621 (2005), Harris submits that the district court erred in applying a four-point role enhancement and a sixteen-point loss en-

hancement in calculating her Sentencing Guidelines, *see United States v. Crosby,* 397 F.3d 103, 114–15 (2d Cir.2005) (observing that correct Guidelines calculation is a factor relevant to procedural reasonableness of sentence). She asserts that these enhancements were improper because (1) they were not proved beyond a reasonable doubt to the jury; and (2) in any event, were not supported by the record evidence. The first argument is foreclosed by our holding in *United States v. Garcia,* 413 F.3d 201, 220 n. 15 (2d Cir.2005), which explicitly states that "[j]udicial authority to find facts relevant to sentencing by a preponderance of the evidence survives *Booker.*" The second argument is belied by the trial record, which amply supports the district court's preponderance finding that Harris was a leader and organizer in a criminal scheme that involved five or more people and that the intended loss amount was in excess of $2 million.

■ Harris further argues that the length of her 63–month sentence is unreasonable compared to Bridgmohan's 30–month sentence. "Because 'reasonableness' is inherently a concept of flexible meaning," *United States v. Crosby,* 397 F.3d at 115, the reasonableness standard of review is necessarily "deferential," *United States v. Canova,* 412 F.3d 331, 350 (2d Cir.2005). Although this court has recognized the possibility that a sentence within prescribed statutory limits may, nevertheless, "exceed the bounds of 'reasonableness,'" we have emphasized that "we anticipate encountering such circumstances infrequently." *United States v. Fleming,* 397 F.3d 95, 100 (2d Cir.2005). This is not one of those rare cases.

Under the advisory Guidelines system recognized in *Booker,* the reasonableness of a sentence depends, in large part, on a sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a). *See United States v. Canova,* 412 F.3d at 350; *see also United States v. Booker,* 125 S.Ct. at 766 (noting that § 3553(a) factors "will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable"). One of these factors is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). As this court observed in *United States v. Joyner,* 924 F.2d 454, 460 (2d Cir.1991), the unwarranted sentencing disparities of primary concern in § 3553(a)(6) are not those between any two discrete cases or between two defendants in the same case, but sentencing disparities nationwide. Certainly Harris has not shown that her sentence represents an unwarranted disparity with punishments imposed on similarly situated defendants nationwide. Moreover, Harris's case differs from Bridgmohan's in a significant respect. As noted above, the district court found that Harris was a leader and organizer in a criminal scheme that involved five or more people. The district court made no such finding with respect to Bridgmohan. The difference in the length of their respective sentences thus stems directly from their differing roles in the offense.

The judgment of the district court, entered on May 2, 2005, is hereby AFFIRMED.