**UNITED STATES of America,**
**Appellee,**

v.

**Dennis WELLINGTON, Defendant–**
**Appellant.**

No. 06–1549–cr.

United States Court of Appeals,
Second Circuit.

Nov. 29, 2007.

Michael A. Levy, Assistant United States Attorney (Diane Gujarati, Assistant United States Attorney, of counsel), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

Marvin E. Schechter, Law Offices of Marvin E. Schechter, New York, N.Y., for Defendant–Appellant.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Dennis Wellington was deported to Guyana in 1993 after a state narcotics conviction. In 2002, Wellington was arrested in New York and charged with illegal reentry under 8 U.S.C. § 1326(a), (b)(2). Wellington waived jury trial, proceeded by stipulation, and was found guilty at the conclusion of the bench trial in November 2003. The district court sentenced Wellington to 63 months' incarceration, three years of supervised release, and a special assessment of $100.

Wellington appealed this pre-*Booker* sentence on a number of grounds. In *United States v. Wellington,* 417 F.3d 284, 292 (2d Cir.2005), this Court agreed to remand, pursuant to *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005), to allow the district court to reconsider the sentence in light of the now non-mandatory Sentencing Guidelines. On remand, the district court concluded that it would have imposed the same sentence knowing the Guidelines were advisory. Wellington now appeals this sentence as unreasonable. We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

The district court sentenced Wellington to the low end of an applicable Guidelines range of 63 to 78 months. Though we do not apply any presumption that a Guidelines sentence is reasonable, we have nonetheless recognized that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez,* 443 F.3d 19, 27 (2d Cir.2006). In examining sentences for reasonableness, we employ a standard "akin to review for abuse of discretion." *Id.*

Notwithstanding Wellington's arguments to the contrary, the district court complied with the requirements of procedural reasonableness, *United States v. Rattoballi,* 452 F.3d 127, 131 (2d Cir.2006), and "nothing in the record indicates misunderstanding about [the 18 U.S.C. § 3553(a) factors] or misperception about their relevance." *United States v. Fleming,* 397 F.3d 95, 100 (2d Cir.2005). Moreover, upon review of the record, we conclude that the district court's sentence is also not substantively unreasonable.

The fact that Wellington's appeal of his 1988 state conviction was technically pending when he was deported did not make it unreasonable for Judge Sprizzo, on the *Crosby* remand, to adhere to the original sentence under Section 1326(b)(2) for reentry after deportation following conviction of an aggravated felony. At the initial sentencing, Judge Sprizzo found that Wellington had abandoned his 1988 appeal and concluded that, in light of this abandonment, the failure of his attorney to perfect the appeal was irrelevant. Wellington did not challenge this conclusion on his first appeal. Therefore, the issue was waived and was no longer open for reconsideration upon the *Crosby* remand. The narrow purpose of the *Crosby* remand was to determine whether Judge Sprizzo would have sentenced Wellington differently in light of

*Booker,* not to reevaluate the propriety of his conviction. Having waived his objection to his conviction under Section 1326(b)(2) on his initial appeal, Wellington could not resuscitate this issue on the *Crosby* remand.

Wellington's request that his case be reassigned to a different judge for further sentencing proceedings is moot. The judgment of the district court is AFFIRMED.