**UNITED STATES of America,**
**Appellee,**

v.

**Dennis WELLINGTON, Defendant–**
**Appellant.**

**Docket No. 04–3198–CR.**

United States Court of Appeals,
Second Circuit.

Argued: May 20, 2005.

Decided: Aug. 3, 2005.

Earle Giovanniello, Moscowitz & Giovanniello, New Haven, CT, for Defendant–Appellant.

Michael A. Levy, Assistant United States Attorney (Adam B. Siegel, Assistant United States Attorney, of counsel, David N. Kelley, United States Attorney for the Southern District of New York, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

Before: OAKES and CABRANES, Circuit Judges, and GOLDBERG, Judge.*

JOSÉ A. CABRANES, Circuit Judge.

Defendant Dennis Wellington appeals from a judgment of the United States District Court for the Southern District of New York (John E. Sprizzo, *Judge*) entered after a bench trial on stipulated facts. The District Court found defendant guilty of illegally reentering the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2), and sentenced defendant principally to a 63–month term of imprisonment. Because the record demonstrates that defendant knowingly, intelligently, and voluntarily opted to proceed to trial on stipulated facts, we reject defendant's contention that he was denied his Sixth Amendment right to a trial when the District Court found defendant guilty on the basis of his stipulation to the elements of the charged offense. We further hold that the District Court was not required to comply with the strictures of Federal Rule of Criminal Procedure 11 before accepting defendant's stipulation. Because we also reject defendant's claim that his counsel was ineffective, we affirm the District Court's finding of guilt. Finally, we remand the cause to the District Court for reconsideration of defendant's sentence in accordance with *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005).

## BACKGROUND

On June 27, 2002, defendant, a native and citizen of Guyana, was charged with illegally reentering the United States after having been deported subsequent to a conviction for the commission of an aggravated felony,[1] in violation of 8 U.S.C. § 1326(a) and (b)(2).

Defendant filed several motions to dismiss the indictment, all of which were denied by the District Court. At a pretrial conference on November 5, 2003, defendant's trial counsel, Jonathan P. Bach, informed the District Court in defendant's presence that defendant intended to "have a [non-jury] trial on stipulated facts." Bach further represented that defendant did not intend to testify, submit evidence, or provide an affirmative defense at trial. Bach stated that defendant wished to proceed this way in order "to preserve certain issues on appeal," including a speedy trial issue, without foreclosing the possibility of a sentence reduction for acceptance of responsibility.

On November 13, 2003, the District Court informed defendant of his rights, and defendant, consistent with a written allocution he had signed on November 6, 2003,[2] orally waived his right to a jury trial. The government consented to the waiver pursuant to Federal Rule of Criminal Procedure 23(a).[3] The District Court

---

* The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

1. Prior to his 1993 deportation to Guyana, defendant was convicted of criminal sale of a controlled substance in the third degree.

2. The allocution provided, in relevant part, that

   [t]he defendant, DENNIS WELLINGTON, having been fully advised by defense counsel, Jonathan P. Bach, Esq., of (i) his right to plead guilty[;] (ii) the applicability and function of the United States Sentencing

Guidelines in this case; and ... [h]aving been advised by counsel and the Court of his constitutional right to a trial by jury; and ... [h]aving fully discussed all of these matters with counsel, ... [h]ereby voluntarily waives his right to a trial by jury and consents to have this matter determined by the Honorable John E. Sprizzo.
J.A. at 159–60.

3. Federal Rule of Criminal Procedure 23(a) provides that "[i]f the defendant is entitled to a jury trial, the trial must be by jury unless: (1) the defendant waives a jury trial in writ-

then conducted a bench trial at which the only evidence presented was defendant's stipulation to each element of the offense. Based on these undisputed facts, the Court found defendant guilty of the charged offense.

Thereafter, the United States Probation Office ("USPO") issued a Pre–Sentence Report ("PSR"), recommending, *inter alia,* that defendant *not* receive a sentencing offense-level reduction for acceptance of responsibility. On or about February 11, 2004, Bach objected to the USPO's recommendations and, specifically, to its failure to apply an acceptance of responsibility reduction to defendant's offense level.

On March 23, 2004, the District Court convened a conference in open court to discuss sentencing. With defendant present, Bach stated that he had "spoken with [defendant] and he has instructed me not to" seek a downward departure or object to the USPO's failure to recommend an offense level reduction for acceptance of responsibility.

When asked by the District Court why defendant had chosen to waive these arguments, Bach stated that defendant had given him "a reason" and that although he, Bach, did not "agree" with it, these were defendant's instructions. The Court confirmed with defendant that Bach was acting in accordance with defendant's wishes and that defendant understood that he would be waiving the issues "for all purposes and all time." Defendant responded, "Yes, your Honor." Exactly one week later, on May 20, 2004, the Court sentenced defendant principally to a 63–month term of imprisonment, a sentence falling at the lowest end of the range prescribed by

the U.S. Sentencing Guidelines as a result of the uncontested calculations in the PSR.

## DISCUSSION

Defendant raises four issues on appeal. He argues (1) that he was denied effective assistance of counsel; (2) that he was improperly denied his Sixth Amendment right to a trial;[4] (3) that the District Court erred in not applying an offense-level reduction for defendant's acceptance of responsibility; and (4) that the District Court improperly failed to comply with the requirements of Federal Rule of Criminal Procedure 11 ("Rule 11") when it accepted defendant's stipulation to the facts establishing the charged offense. We address each of these issues in turn.

### 1. Ineffective Assistance of Counsel

■ In order to make out an "actual ineffectiveness claim," a defendant must demonstrate, first, that his attorney's conduct fell "outside the wide range of professionally competent assistance," and, second, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see Henry v. Poole,* 409 F.3d 48, 58 (2d Cir.2005) ("The Federal test for evaluating ineffective assistance of counsel claims is set forth in *Strickland* ...."). Prejudice will be presumed in those instances where counsel is actually or constructively denied or where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *Unit-*

ing; (2) the government consents; and (3) the court approves."

4. Defendant does not appear to argue that he was improperly denied his right to a *jury* trial, but rather that the "[s]o-called [t]rial was no

[t]rial at all .... The parties and the district court ... participated in what they called a trial, but no fact was tried and no argument was made." Def.'s Br. at 10.

*ed States v. Cronic,* 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

■ The Supreme Court has recently stated that "in most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance," *Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003), and we have often noted our own "baseline aversion to resolving ineffectiveness claims on direct review." *United States v. Salameh,* 152 F.3d 88, 161 (2d Cir.1998). That said, in view of the patent lack of merit of defendant's ineffective assistance claim here, we exercise our discretion to "decide the claim on the record before us." *United States v. Morris,* 350 F.3d 32, 39 (2d Cir.2003) (quoting *United States v. Leone,* 215 F.3d 253, 256 (2d Cir.2000)).

■ In the instant case, defense counsel's stipulation on defendant's behalf, made in defendant's presence, to every element of the only charged offense—entered with a view to receiving a reduction in the computed offense level for acceptance of responsibility—coupled with his waiver of the right to claim such an adjustment after the USPO declined to recommend one, was an ill-advised and wholly ineffective trial strategy. There is, moreover, no doubt that the stipulation directly contributed to the resulting judgment of conviction. But defendant's counsel did not devise this strategy himself. He entered the stipulation and waived defendant's right to seek an offense-level adjustment because defendant instructed him to do so. Bach informed the Court that he did not necessarily agree with his client, but that defendant "has given a lot of thought to this and I advised him, [and] he's the boss."

Although defendant, represented by new counsel in this appeal, does not dispute at this juncture that his trial counsel was following his (defendant's) own instructions, he urges that he is nonetheless a victim of ineffective assistance because Bach "fail[ed] to subject the prosecution's case to meaningful adversarial testing." *Cronic,* 466 U.S. at 659. In so arguing, defendant suggests that a criminal defendant is entitled to vacatur of his conviction if, as a result of counsel following defendant's unequivocal instructions, counsel pursues a course of action that, in the absence of such instructions, may have constituted professional error.

■*Strickland,* however, admits no such exception. The *Strickland* Court emphasized that, in evaluating the merits of an ineffectiveness claim, an attorney's conduct should not be viewed in a vacuum, but in the context of the entire proceeding. *See Strickland,* 466 U.S. at 690, 104 S.Ct. 2052 ("A court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."); *see also Johnston v. Singletary,* 162 F.3d 630, 642 (11th Cir.1998) (recognizing that "the reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions") (internal quotation marks and citation omitted). Thus, a defense counsel who *"entirely fails"* to put on a defense for his client, *Cronic,* 466 U.S. at 659, 104 S.Ct. 2039 (emphasis added), has not provided service that ranks "outside the wide range of professionally competent assistance," *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052, where, as here, (1) the defendant expressly instructed his counsel *not* to put forth a defense; (2) counsel advised the defendant of the probable consequences of not raising a defense, but the defendant opted to waive the right anyway; and (3) the defendant was competent to make that decision, *see Wallace v.*

*Davis*, 362 F.3d 914, 920 (7th Cir.2004) ("A good lawyer tries to persuade the accused to make a wise decision . . . about presenting a defense, even though the ultimate decision rests with the client. . . ."); *see also Alvord v. Wainwright*, 725 F.2d 1282, 1289 (11th Cir.1984) ("[G]iven [the defendant's] competency, [his counsel] was ethically bound to follow his wishes.").

■ It is the "role of the lawyer [to be] a professional advisor and advocate," *Lefcourt v. United States*, 125 F.3d 79, 86 (2d Cir.1997) (quoting *In re Shargel*, 742 F.2d 61, 62–63 (2d Cir.1984)), not to usurp his " 'client's decisions concerning the objectives of representation,' " *see Jones v. Barnes*, 463 U.S. 745, 753 n. 6, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983) (recognizing that, where ethically and legally possible, " '[a] lawyer shall abide by a client's decisions concerning the objectives of representation' ") (quoting ABA Model Rules of Prof'l Conduct R. 1.2(a)); *Wallace*, 362 F.3d at 920 ("By respecting [his client's] wishes, counsel not only abided by ethical requirements (lawyers are *agents*, after all) but also furnished the quality of assistance that the Constitution demands.") (emphasis in original); *cf. Faretta v. California*, 422 U.S. 806, 820, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) ("The language and spirit of the Sixth Amendment contemplate that counsel, like the other defense tools guaranteed by the Amendment, shall be an aid to a willing defendant—not an organ of the State interposed between an unwilling defendant and his right to defend himself personally.").

Accordingly, to the extent that defendant instructed his counsel to pursue a course of action that defendant now complains of, there was no abridgement—constructive or otherwise—of defendant's Sixth Amendment right to effective assistance of counsel. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) ("[A] defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently.") (citations omitted)(emphasis in original); *see also Coleman v. Mitchell*, 268 F.3d 417, 448 n. 16 (6th Cir.2001) ("[C]ounsel was not ineffective for following the defendant's clear and informed instruction."); *Frye v. Lee*, 235 F.3d 897, 906–07 (4th Cir.2000) (observing that if the Court were to hold that defense counsel "rendered ineffective assistance [by acceding to the defendant's instructions not to present] . . . mitigation evidence, [the Court] would be forcing defense lawyers in future cases to choose between Scylla and Charybdis"); *Autry v. McKaskle*, 727 F.2d 358, 360–61 (5th Cir. 1984) (rejecting claim of ineffective assistance of counsel for failure to investigate and present evidence at sentencing phase where defendant had instructed his attorney not to fight the death penalty); *cf. Brookhart v. Janis*, 384 U.S. 1, 4–9, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966) (reversing judgment of conviction where defense counsel, over the defendant's in-court objections that he did not wish to plead guilty, waived the defendant's right to present a defense and cross-examine witnesses).

## 2. Waiver

■ Although defendant chose to stipulate to the elements of the charged offense, he now complains about the absence of (1) opening statements, (2) witnesses, (3) evidence, and (4) closing statements at his trial. Defendant did not raise any such objections in the District Court. Moreover, his counsel represented at the November 5, 2003 pre-trial conference that defendant intended to "stipulate to all of the elements of the offense" and further intended not to "testify, [present] evidence,

[or offer any] affirmative defense" for tactical reasons. Defendant's deliberate choice to forego each of these rights constitutes waiver of these issues. *See United States v. Yu–Leung*, 51 F.3d 1116, 1121–22 (2d Cir.1995) ("If . . . the party consciously refrains from objecting as a tactical matter, then that action constitutes a true 'waiver,' which will negate even plain error review.").

■■■■ Defendant's contention that he was improperly denied a sentence reduction for acceptance of responsibility is similarly without merit. Defendant expressly waived his right to object to the calculation of his offense level and confirmed to the District Court that he understood that he was waiving his right to object to this issue "for all purposes and all time." Accordingly, we cannot now consider any of these arguments on appeal. *See United States v. Olano*, 507 U.S. 725, 733–34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (recognizing that waiver, the "intentional relinquishment or abandonment of a known right," is not appealable) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)); *see also United States v. Thorn*, 317 F.3d 107, 129 n. 16 (2d Cir.2003) (distinguishing waiver of a right from forfeiture of a right, and noting that, whereas forfeiture "results from the failure to assert [a] claim in a timely fashion . . . [and is reviewed] for plain error," " 'waiver,' which is the 'intentional relinquishment or abandonment of a known right' . . . permanently extinguishes the right to raise the claim") (quoting *Olano*, 507 U.S. at 733, 113 S.Ct. 1770). In any case, because defendant cannot complain of an error that he himself invited, he is not entitled to relief. *See United States v. Jones*, 763 F.2d 518, 523–24 (2d Cir.1985).

### 3. "Rule 11" Procedures

■■■■ With respect to defendant's claim that the District Court erred by not fulfill-ing the requirements of Rule 11 of the Federal Rules of Criminal Procedure, it bears underscoring that we have never held that Rule 11 procedures are required in circumstances other than when a defendant enters a plea of guilty or *nolo contendere*. *See* Fed.R.Crim.P. 11(b) (identifying a procedure by which a District Court, before accepting a plea of guilty or *nolo contendere*, must inform a defendant and confirm his understanding of certain rights that he waives by pleading guilty). Because the text of Rule 11 plainly states that it applies to situations where a court "accepts a plea of guilty or nolo contendere," we join our sister circuits in recognizing that the full panoply of Rule 11 procedures are not necessary where a defendant stipulates to facts establishing guilt. *See United States v. Lyons*, 898 F.2d 210, 215 (1st Cir.1990) ("We . . . decline to extend Rule 11 to cover trial by stipulation."); *United States v. Schmidt*, 760 F.2d 828, 834–35 (7th Cir.1985) (rejecting the defendant's contention that Rule 11 procedures were required where the defendant argued that his counsel's stipulations amounted to the "functional equivalent[ ] of [a] guilty plea[ ]"); *United States v. Robertson*, 698 F.2d 703, 708 (5th Cir.1983) ("By its express terms, Rule 11 applies only to guilty or *nolo contendre* pleas."); *Witherspoon v. United States*, 633 F.2d 1247, 1252 (6th Cir.1980) (finding no reversible error where the district court failed to provide Rule 11 procedures and defense counsel stipulated to most of the elements of the offense but "suggest[ing]" that district courts "consider the possible applicability of the terms of Rule 11 in any instance where a stipulation as to most or all of the factual elements necessary to proof of guilt of a crime is tendered"); *United States v. Miller*, 588 F.2d 1256, 1263 (9th Cir.1979) ("[T]his circuit already has ruled that the requirements of Rule 11 are applicable

only to guilty pleas (or pleas of *nolo contendere* ) and not to stipulations.") (internal quotation marks and citations omitted); *United States v. Lawriw,* 568 F.2d 98, 105 n. 13 (8th Cir.1977) ("An inquiry as thorough as that prescribed by Fed.R.Crim.P. 11 is not required before the district court accepts a stipulation of facts establishing guilt from a criminal defendant."); *cf. United States v. Lawson,* 682 F.2d 1012, 1015 (D.C.Cir.1982) (stating, in dicta, that "Rule 11 inquiries may also be required if, by stipulation or otherwise, a defendant has effectively admitted his guilt and waived trial on all issues").

■ We caution, however, that where a court accepts a defendant's stipulation to the elements of the charged offense, the district judge must ensure (1) that the stipulation is voluntarily made and (2) that the defendant understands the consequences of his stipulation. *Cf. United States v. Curcio,* 680 F.2d 881, 889 (2d Cir.1982) ("As in Rule 11 procedures, the district court should address each defendant personally and forthrightly advise him of the potential dangers of representation by counsel with a conflict of interest.") (quoting *United States v. Garcia,* 517 F.2d 272, 277–78 (5th Cir.1975)).

■ In the instant case, the District Court did not directly address defendant at the pre-trial conference on November 5, 2003 when defense counsel informed the District Court of defendant's intention to stipulate to the facts establishing the offense. Nor did the District Court directly address defendant at the time the stipulation was read into the record at the agreed-upon truncated bench trial of November 13, 2003. Nonetheless, the record indicates that defendant's stipulation was knowingly and voluntarily made. Defendant signed the stipulation on November 11, 2003, thereby confirming that he "agreed to" stipulate to the facts establishing the charged offense. In addition, Bach represented, in defendant's presence, that the stipulation was defendant's own proposal and that he (counsel) had explained the consequences of the stipulations to his client. Bach stated, "Mr. Wellington, as the court knows, has given a lot of thought to this and I advised him, but he's the boss." Defendant, who had addressed the court in prior colloquies, was expressly given an opportunity by the District Court to speak shortly after the stipulation was entered and said nothing to the contrary. Furthermore, in oral argument before this Court on May 20, 2005, defendant's appellate counsel confirmed that defendant's trial counsel (Bach) had properly represented defendant's intentions to the District Court and that Bach had acted in accordance with defendant's wishes.

■ It is therefore undisputed that defendant's decision to proceed to a bench trial on stipulated facts was intentional, knowing,[5] and voluntary. In these circumstances, vacatur of defendant's stipulation and the District Court's resulting judgment of conviction is not warranted.

---

**5.** Defendant urges on appeal that his decision to enter a stipulation was not knowingly made because it preceded the Supreme Court's ruling in *United States v. Booker,* — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Def.'s Letter Br. at 2–3. We find this argument to be without merit. "[I]gnorance of future rights" does not render a decision not knowingly made particularly where, at the time the defendant made the decision in question, he was fully cognizant of his "then-existing rights." *See United States v. Haynes,* 412 F.3d 37 (2d Cir.2005) (rejecting the defendant's contention that his guilty plea was not knowingly entered because it preceded *Booker* and holding that "[w]hile ignorance of then-existing rights can invalidate a plea agreement in some cases, ignorance of future rights is unavoidable and not a basis for avoiding a plea agreement").

#### 4. *Crosby* Remand

Finally, defendant argues, and the government concurs, that, because the District Court sentenced him prior to learning that the Sentencing Guidelines were advisory and non-binding, he is entitled to a *Crosby* remand. *See United States v. Crosby,* 397 F.3d 103 (2d Cir.2005). Because we find this disposition appropriate, we remand the cause to the District Court so that it may consider whether to resentence defendant in conformity with the currently applicable statutory requirements. *See United States v. Watson,* 404 F.3d 163, 167 (2d Cir.2005).

### CONCLUSION

For the reasons stated above, the finding of guilt entered by the District Court is affirmed, and the cause is remanded for reconsideration of defendant's sentence in accordance with *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005).