**UNITED STATES of America,**
**Appellee,**

v.

**Bruce J. CORRIGAN, Jr.,**
**Defendant–Appellant.**

**No. 07–2854–cr.**

United States Court of Appeals,
Second Circuit.

April 2, 2008.

Andrew B. Bowman, Westport, CT, Appearing for Defendant–Appellant.

David J. Sheldon, Assistant United States Attorney for the District of Connecticut (William J. Nardini, Assistant United States Attorney, on the brief), for Kevin J. O'Connor, United States Attorney for the District of Connecticut, Appearing for Appellee.

* The Honorable Leonard B. Sand, of the United States District Court for the Southern District of New York, sitting by designation.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. PETER W. HALL, Circuit Judges, Hon. LEONARD B. SAND, District Judge.*

## SUMMARY ORDER

Defendant–Appellant Bruce Corrigan appeals from the June 28, 2007 judgment of the District Court for the District of Connecticut (Arterton, J.) sentencing him to 8 months' imprisonment after he pleaded guilty to mail fraud in violation of 18 U.S.C. § 1341. We assume the parties' familiarity with the facts and proceedings below.

■ Corrigan's first argument on appeal is that the district court abused its discretion and committed clear error when it determined the intended loss to be $18,500. "We review the factual determinations underlying a district court's loss calculation at sentencing for clear error and its application of the Sentencing Guidelines de novo." *United States v. Canova*, 412 F.3d 331, 351 (2d Cir.2005). Under the Guidelines, "loss" is defined as "the greater of actual loss or intended loss." U.S.S.G. § 2B1.1 cmt. 3(A). The "intended loss" is "the pecuniary harm that was intended to result from the offense" and it "includes intended pecuniary harm that would have been impossible or unlikely to occur (*e.g.*, as in a government sting operation ...)." *Id.* cmt. 3(A)(ii). We have described "intended loss" as "the probable loss from a particular misstatement because one is presumed to intend the natural and 'probable' consequences of one's acts." *United States v. Carboni*, 204 F.3d 39, 47 (2d Cir.2000) (internal quotation marks omitted). The district court "need only make a reasonable estimate of the loss." U.S.S.G. § 2B1.1 cmt. 3(C).

The district court's finding that the "probable loss" from Corrigan's fraudulent statement was $18,500 was not clearly erroneous. Corrigan had been recorded telling Agent that the lost wages statement brought his case "up a notch" and "put [him] in a different category." As the district court observed, the lost wages amount was not simply one of several separate, divisible amounts that made up the larger claim; the lost wages were "also a consideration of how injured a person was, such that they couldn't work for X period of time," thereby "really transform[ing]" the insurance claim by "driving valuation of the noneconomic damages." The district court thus found that the lost wages statement was part of a larger, integrated claim, and that Corrigan intended the lost wages statement to affect the amount of the claim by more than the lost wages amount itself. These findings are not clearly erroneous, as Corrigan himself told the Agent that the lost wages statement "put [him] in a different category."

■ Corrigan's second claim is that the district court violated Federal Rule of Criminal Procedure 32 and due process when it "did not disclose" the Fogel report. Under Rule 32, the district court "must allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence." Fed.R.Crim.P. 32(i)(1)(C). Defendant's claim of error is weak: The district court itself offered to have the Government give Corrigan's attorney a copy of the Fogel report. In any event, Corrigan affirmatively waived this claim when he declined the district court's offer to provide him with a copy of the report. Corrigan's decision to decline the district court's offer makes clear that if there was any error, it was one that Corrigan "himself invited" and as to which he is therefore "not entitled to relief." *United States*

*v. Wellington,* 417 F.3d 284, 290 (2d Cir. 2005).

■ Corrigan's final argument is that the district court erred by taking into consideration the allocution by a separate defendant in another case, Mr. Francois. As an initial matter, Corrigan's belief that the district court relied on the Francois allocution when sentencing Corrigan is somewhat speculative, as the court described the allocution as "not part of the relevant conduct" and later confirmed that it had "sentenced [Corrigan] for just the offense of conviction." Even if the district court did rely on the allocution as Corrigan claims, that reliance was not error. *See United States v. Carmona,* 873 F.2d 569, 574 (2d Cir.1989) ("The fact that some material, upon which the trial judge relied, may have had its source in a judicial proceeding in which appellant was not a defendant or represented by counsel does not bar its use." (internal quotation marks omitted)).

As for Corrigan's claim that the district court's failure to notify Defendant of its intention to consider the Francois allocution violated Rule 32 and due process, our review is for plain error because he made no objection on this basis before the district court. Fed.R.Crim.P. 52(b). We need not address whether the district court committed error or whether that error was plain, because Corrigan has not shown that the alleged error affected his substantial rights. The purpose of any notice the district court should have given would have been to effectuate Corrigan's ability to respond to the material at issue. Corrigan has not identified how the lack of notice impaired his ability to "comment" on Francois's allocution, claiming neither that the material therein was false nor that he had evidence undermining its credibility.

We have considered all of Corrigan's other arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.