**LI LIN, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States**

Attorney General,* Respondent.

No. 08–5321–ag.

United States Court of Appeals,
Second Circuit.

July 9, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

Michael F. Hertz, Acting Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Robbin K. Blaya, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, WALKER, and Circuit Judges.

## SUMMARY ORDER

Petitioner Li Lin, a native and citizen of the People's Republic of China, seeks review of an October 10, 2008 order of the BIA, affirming the August 23, 2007 decision of Immigration Judge ("IJ") Javier Balasquide, which denied his motion to reopen. *In re Li Lin,* No. A029 808 230 (B.I.A. Oct. 10, 2008), *aff'g* No. A029 808 230 (Immig. Ct. N.Y. City Aug. 23, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Lin's untimely motion to reopen.

Attorney General Michael B. Mukasey as respondent in this case.

Lin argues that the agency erred by finding that he failed to demonstrate either material changed country conditions sufficient to excuse the time limitation for filing his motion to reopen or his *prima facie* eligibility for relief. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Contrary to Lin's assertion, there is nothing in the agency's decisions compelling the conclusion that it failed to take into account all of his evidence as we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir. 2006). Although Lin argues that the agency failed to accord sufficient weight to his particularized evidence, we decline to find that the agency abused its discretion. *See id.* at 342 (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency).

Lin asserts that the agency erred in failing to address whether the U.S. De-partment of State's 2006 country report indicated that he would be subject to excessive fines amounting to persecution. However, that report does not indicate that the fines constitute changed country conditions or that they would amount to economic persecution for someone in Lin's economic circumstances. *See Guan Shan Liao v. U.S. Dep't. of Justice,* 293 F.3d 61, 70 (2d Cir.2002).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).