09-0016-cr
*United States v. Shan*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of January, two thousand ten.

PRESENT:

> JOSÉ A. CABRANES,
> ROSEMARY S. POOLER,
> GERARD E. LYNCH,
> > *Circuit Judges*,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

>  *Appellee*,

>  v.                                                                                      No. 09-0016-cr

KEVIN SHAN,

>  *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT**:        SEBASTIAN O. DESANTIS, Sabilia & DeStantis, New London, CT.

**FOR APPELLEE:**        JOHN H. DURHAM, Assistant United States Attorney (Nora R. Dannehy, United States Attorney, William J. Nardini, Assistant United States Attorney, on the brief) United States Attorney's Office for the District of Connecticut.

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Defendant Kevin Shan was convicted after a jury trial of the following: (1) one count of dealing firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D); (2) one count of possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2); and (3) two counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On appeal, Shan argues that the evidence presented at trial was insufficient to support the jury's guilty verdict on the counts of dealing firearms without a license and possession of a firearm by an unlawful user of a controlled substance. Shan also argues that the District Court erred in failing to strike hearsay testimony by a government agent. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Because "the task of choosing among competing, permissible inferences is for the [jury, and] not for the reviewing court," *United States v. McDermott*, 245 F.3d 133, 137 (2d Cir. 2001), we are required to review the evidence "in the light most favorable to the government," *United States v. Gaskin*, 364 F.3d 438, 459 (2d Cir. 2004) and "resolve all issues of credibility in favor of the jury's verdict." *United States v. Dessna*, 287 F.3d 170, 177 (2d Cir. 2002) (quoting *United States v. Dessna*, 260 F.3d 150, 154 (2d Cir. 2001)). *See generally Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979).

At trial, the government introduced much evidence that could support the jury's verdict on the charge of unlawfully dealing in firearms. To sustain its burden on proof on this charge, the government had to prove as follows: (1) the defendant engaged in the business of dealing in firearms, (2) that the defendant did not have a license to deal in firearms, and (3) that the defendant acted willfully. *See, e.g.*, *United States v. Allah*, 130 F.3d 33, 37-45 (2d Cir. 1997). Here, the government met that burden. First, the government presented uncontroverted evidence that the items Shan sold to the confidential informant were firearms. At trial, the government also introduced evidence to show that Shan was "engaged in the business of" dealing in firearms, as required by 18 U.S.C. § 921(a)(21)(C). Specifically, the government presented evidence that defendant sold two firearms within roughly one month and that Shan acknowledged on tape that he had a source of supply for other weapons. This is sufficient to establish that Shan held himself out as a source of weapons, as we required in *United States v. Carter*, 801 F.2d 78, 81-82 (2d Cir. 1986). Next, Shan stipulated that he was not federally licensed to deal in firearms. Finally, the government showed that Shan acted willfully by presenting evidence that he was wary to let others witness his transactions and that he sold weapons for above market price. Taken together, this evidence was sufficient to support the jury's guilty verdict on the charge of dealing in firearms.

2

The government also presented ample evidence to support the jury's guilty verdict on the charge of being an unlawful user of a controlled substance in possession of a firearm. At trial, the government presented several recorded conversations in which Shan implied that he had used cocaine. These conversations took place during the period in which defendant was selling firearms. Accordingly, the government presented sufficient evidence to support the jury's guilty verdict on this charge.

Shan also argues that the District Court erred in failing to strike, *sua sponte*, hearsay testimony presented by a federal agent. Shan concedes that he did not object to this testimony. When a defendant chooses for tactical reasons not to lodge an objection, he waives his claims of error on appeal. *See, e.g.*, *United States v. Wellington*, 417 F.3d 284, 289-90 (2d Cir. 2005); *United States v. Yu-Leung*, 51 F.3d 1116, 1122 (2d Cir. 1995) (concluding that if a party refrains from objecting as a "tactical matter, then that action constitutes true 'waiver,' which will negate even plain error review"). Here, Shan's failure to lodge an objection was a tactical decision because defense counsel asked the agent about the hearsay testimony on cross-examination in an attempt to use the hearsay statements to Shan's advantage. Furthermore, on cross-examination, defense counsel did not dispute the hearsay testimony that Shan had discussed the sale of AK-47s with the cooperating witness, but rather, tried to suggest that any discussions were puffery because the guns never materialized. *See United States v. Coonan*, 938 F.2d 1553, 1561 (2d Cir. 1991) (holding that defendant waived his right to appeal an evidentiary claim because he welcomed such evidence at trial). Even if the actions of Shan's attorney did not constitute true waiver, the admission of this evidence did not constitute plain error by the District Court because the statement was potentially admissible as background evidence.

## CONCLUSION

For the reasons stated above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

3