11-3146-cr
United States v. Zogheib

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31ˢᵗ day of January, two thousand thirteen,

Present:      RALPH K. WINTER,
              ROSEMARY S. POOLER,
              DENNY CHIN,
                        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

              -v-                                          11-3146-cr

RALPH I. ZOGHEIB,

                        *Defendant-Appellant*.

_____

Appearing for Appellee:      Brenda K. Sannes, (Miroslav Lovric, *on the brief*), Assistant
                             United States Attorneys *for*, Richard S. Hartunian, United States
                             Attorney, Syracuse, New York.

Appearing for Appellant:     Kim P. Bonstrom, Bonstrom & Murphy, Shelter Island, New York

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-appellant Ralph I. Zogheib appeals from the judgment of conviction entered on August 1, 2011, convicting him of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and conspiring to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Defendant appeals his conviction on the ground that his attorney provided ineffective assistance by, *inter alia*, advising him to move for leave to withdraw his guilty plea. We find those arguments are barred under the law-of-the-case doctrine, which states "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983); *see United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009); *United States v. Plugh*, 648 F.3d 118, 123 (2d Cir. 2011) ("As a general matter, this Court will adhere to its own decision at an earlier stage of the litigation.") (citation and internal quotations omitted). Here, defendant's ineffective assistance of counsel claims have already been resolved in the proceedings relating to his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In that motion, defendant "claimed that his attorney, Ronald Benjamin, was ineffective by advising Defendant that he could move to withdraw his guilty plea, but failing to further advise that moving to withdraw the guilty plea would breach his cooperation agreement with the Government and any attendant benefits from any such cooperation." Dist. Ct. Order dated Feb. 21, 2012. The district court denied defendant's § 2255 motion by decision and order dated February 21, 2012, and subsequently denied his motion for a certificate of appealability. Defendant then appealed to this Court, which also denied his motion for a certificate of appealability and dismissed his appeal on July 3, 2012, stating that he had "not made a substantial showing of the denial of a constitutional right." U.S.C.A. Dkt. No. 12-908, entry at 7/3/2012. Because defendant's claims that Mr. Benjamin provided ineffective assistance have been considered and rejected, that determination continues to govern the same issues in this subsequent stage of defendant's case. Defendant has not identified any reason for deviating from this general principle in this case.

Even assuming *arguendo* that defendant's ineffective assistance of counsel claim were properly before us, we nevertheless conclude that it fails on the merits. "It is the role of the lawyer [to be] a professional advisor and advocate, not to usurp his client's decisions concerning the objectives of representation." *United States v. Wellington*, 417 F.3d 284, 289 (2d Cir. 2005) (internal citations and quotation marks omitted). *Cf. Wallace v. Davis*, 362 F.3d 914, 920 (7th Cir. 2004) ("By respecting [his client's] wishes, counsel not only abided by ethical requirements (lawyers are *agents*, after all) but also furnished the quality of assistance that the Constitution demands.") (emphasis in original). Thus, this Court has held that "[d]eferring to the wishes of a client does not constitute ineffective assistance of counsel." *United States v. Odeh (In re Terrorist Bombings of the U.S. Embassies in E. Africa)*, 552 F.3d 177, 196 (2d Cir. 2008).

The record in this case reveals that defendant has sought to game the system at every stage. He has been represented by at least five different attorneys, and pursued contradictory claims at various stages in his case. For example, in an eight-page sworn affidavit supporting his motion to withdraw his guilty plea, defendant claimed that his prior attorney, Mr. Kindlon, had failed to investigate his case and had pressured him to plead guilty. Subsequently, in support of his § 2255 motion, defendant argued that Mr. Kindlon had counseled him on the merits of his case and discussed the risks and benefits of pleading guilty and cooperating. Further, defendant

filed his § 2255 motion while simultaneously appealing the denial of his motion to withdraw his guilty plea -- thereby espousing contradictory arguments at the same time. As the district court found, defendant has repeatedly acted as an "opportunist [who] will do whatever it takes to avoid the consequences of his actions." Dist. Ct. Order dated Feb. 21, 2012. At no time does defendant assert that the eight-page affidavit he submitted in support of his motion to withdraw his guilty plea was incorrect or the result of Mr. Benjamin's deficient advice. Instead, his actions throughout his case all seem to point to the conclusion that Mr. Benjamin was simply working at defendant's direction in seeking to withdraw his guilty plea. Accordingly, defendant cannot establish that Mr. Benjamin's assistance was constitutionally deficient.

We find the Appellant's remaining arguments to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk