18-3781-cr
United States v. Thomas Carrano

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 3rd day of February, two thousand twenty.

Present:     AMALYA L. KEARSE,
             GUIDO CALABRESI,
             ROSEMARY S. POOLER,
                  *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                  *Appellee*,

             v.                                      18-3781-cr

THOMAS CARRANO,

                  *Defendant-Appellant*.

_____

Appearing for Appellant:     Richard D. Willstatter (Theodore S. Green, *on the brief*), White Plains, N.Y.


Appearing for Appellee:      Michael McGinnis, Assistant United States Attorney (Alison Moe, Daniel B. Tehrani, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Stein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment be and it hereby is **AFFIRMED**.

Defendant-Appellant Thomas Carrano appeals from the December 18, 2018 amended judgment in the United States District Court for the Southern District of New York (Stein, *J.*) sentencing him principally to 14 months' imprisonment and 3 years' supervised release. Carrano was sentenced after a jury trial where he was convicted of one count of conspiracy to violate the Animal Welfare Act, 18 U.S.C. § 371. Carrano appeals on the grounds that his trial attorneys' performance was constitutionally deficient; that the district court erred by applying a four-point leadership enhancement at sentencing; and that the district court exceeded its discretion by imposing a special condition prohibiting Carrano from possessing live game fowls during his supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Carrano first argues that he received ineffective assistance of counsel because his trial attorneys failed, among other things, to timely review certain evidence on the eve of trial; to show Carrano evidence that the government disclosed to the defense as part of its discovery; and to adequately prepare defense witnesses. Although ordinarily we do not address ineffective assistance of counsel claims on direct appeal, *see United States v. Wellington*, 417 F.3d 284, 288 (2d Cir. 2005), we do so here because the record permits resolution of this claim "beyond any doubt." *United States v. Khedr*, 343 F.3d 96, 100 (2d Cir. 2003) (internal quotation marks omitted). Under *Strickland v. Washington*, a defendant claiming ineffective assistance of counsel must (1) demonstrate that his counsel's representation fell below an "objective standard of reasonableness" under "prevailing professional norms;" and (2) "affirmatively prove prejudice" from counsel's allegedly defective performance." 466 U.S. 668, 688, 693 (1984). After reviewing the record, we agree with the district court that Carrano's trial counsel was "not so ineffective at trial as to offend the Constitution." *United States v. Carrano*, 340 F. Supp. 3d 388, 398 (S.D.N.Y. 2018).

Carrano's challenge to the district court's four-point leadership enhancement also fails. Under U.S.S.G. § 3B1.1(a), a defendant's Guidelines offense level is increased by four levels "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." Here, the district court properly concluded that the conspiracy involved five or more participants, and that Carrano was an organizer or leader based on his executive role in the national game fowl organization—specifically, by using its Facebook portal to promote cockfighting and disseminate ways to avoid law enforcement detection.

Carrano last argues that the district court abused its discretion by imposing the following special condition during Carrano's supervised release: "[t]he defendant shall not possess, acquire, buy, sell, own, or have contact with any live roosters, chickens, hens, or any form of game fowl." App'x at 254. According to 18 U.S.C. § 3583(d), "[t]he court may order, as a further [in addition to mandatory] condition of supervised release, to the extent that such condition—

> (1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);

2

(2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and
(3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)[.]

Carrano was convicted of participating in a multi-year conspiracy to engage in and promote cockfighting in violation of the Animal Welfare Act, which involved the physical training and "dubbing" (removal of the spurs, wattles, combs, and earlobes) of the roosters on Carrano's farm. The district court acted well within the bounds of its discretion in imposing a special condition preventing him from possessing live game fowls.

We have considered the remainder of Carrano's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3