12-1615-cr
United States v. Vertil

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand fourteen.

PRESENT:  ROBERT D. SACK,
                    REENA RAGGI,
                    DENNY CHIN,
                              *Circuit Judges.*

------------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                              No. 12-1615-cr

CASSIO VERTIL,

*Defendant-Appellant,*

GREGORY NERETTE,

*Defendant.*[*]

------------------------------------------------------------------------

FOR APPELLANT:            Jillian S. Harrington, Esq., Monroe Township, New Jersey.

FOR APPELLEE:             Emily Berger, Saritha Komatireddy, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 20, 2012, is AFFIRMED.

Defendant Cassio Vertil stands convicted after a jury trial of conspiracy to import and actual importation of cocaine. See 21 U.S.C. §§ 963, 952(a), 960(a)(1), 960(b)(2)(B). On appeal, Vertil contends that (1) the trial evidence was insufficient to support either count of conviction, (2) the district court erroneously allowed Special Agent Timothy Flood to offer expert testimony, and (3) trial counsel was ineffective for not objecting to Flood's testimony. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Sufficiency of the Evidence

We review Vertil's sufficiency challenge de novo and must affirm his conviction if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); accord United States v. Kozeny, 667 F.3d 122, 139 (2d Cir. 2011). In so reviewing, we are mindful that "[d]irect evidence is not required; in fact, the government is entitled to prove its case solely through circumstantial evidence, provided, of course, that the government still demonstrates each element of the charged offense beyond a reasonable doubt." United

2

States v. Lorenzo, 534 F.3d 153, 159 (2d Cir. 2008) (internal quotation marks and alteration omitted).

Vertil concedes that the government satisfactorily proved the existence of a conspiracy to import cocaine and Vertil's association with members of that conspiracy. Nevertheless, Vertil asserts that the evidence failed to prove beyond a reasonable doubt his knowing membership in that conspiracy, specifically, his knowledge that he was assisting in importing cocaine. He relies on the same mens rea argument to challenge his substantive importation conviction.

In fact, Vertil's guilty mens rea was proved through circumstantial evidence testified to by co-conspirator Gregory Nerette. Nerette testified that another co-conspirator gave him Vertil's telephone number and instructed him to call Vertil upon landing in New York in order to exchange the imported cocaine for money. After Nerette followed these instructions, Vertil was nervous at how long it had taken Nerette to call him. The next day, having placed several unanswered calls to Vertil, Nerette spoke to Vertil about possibly throwing away "the stuff" due to Vertil's delays in arranging to meet him. Gov't App. 430. Vertil then agreed to come to Nerette's hotel room. Upon arrival, Vertil explained that he did not bring the money with him "just in case," id. 438, but that it was in a nearby hotel room. After Vertil's arrest, he lied to investigators by denying that the nearby hotel room was his. Authorities recovered evidence from the room that demonstrated otherwise – Vertil's bank card, the cell phone Vertil had used to communicate with Nerette, and $4,500 in cash. When these circumstances are viewed in

3

the light most favorable to the prosecution, a reasonable jury could have concluded that Vertil was a knowing member of a conspiracy to import a controlled substance. The fact that Nerette and Vertil never specifically referenced cocaine warrants no different conclusion as the government was not required to prove Vertil's knowledge that the drugs at issue were cocaine, but only his knowing participation in a scheme to import some controlled substance. See United States v. Davis, 690 F.3d 127, 131 (2d Cir. 2012).

While Vertil challenges Nerette's credibility, on appeal, we must assume that the jury resolved all credibility disputes in favor of the prosecution. See United States v. O'Connor, 650 F.3d 839, 855 (2d Cir. 2011).

Accordingly, Vertil's sufficiency challenge to his substantive and conspiratorial importation convictions fails on the merits.

2.    Expert Testimony

Vertil asserts that the district court erred in allowing Agent Flood to testify as an expert witness about various aspects of cocaine trafficking. Typically, "[w]e accord a district court's evidentiary rulings deference," and we will reverse "only for abuse of discretion." United States v. Cuti, 720 F.3d 453, 457 (2d Cir. 2013). Because Vertil failed to object at trial to Flood's testimony, our review is limited to plain error. See United States v. Burden, 600 F.3d 204, 223 (2d Cir. 2010). Here, we identify no error at all.[1]

---

[1] Because we do not identify error, we need not decide whether defense counsel's negative response on the record to the district court's invitation to object to Flood's testimony

A witness may offer expert testimony when his "specialized knowledge will help the trier of fact to understand the evidence." Fed. R. Evid. 702(a). Vertil concedes that federal courts routinely allow law enforcement officials with specialized knowledge in narcotics trafficking to offer expert testimony on the same topics addressed by Flood. Nevertheless, Vertil argues that Flood's testimony was unnecessary and prejudicial because Nerette testified to the particulars of the smuggling operation and Flood's testimony thus bolstered a fact witness's credibility. See United States v. Cruz, 981 F.2d 659, 664 (2d Cir. 1992) (holding that expert cannot be used simply to bolster credibility of fact witness). We are not persuaded.

Flood's testimony regarding cocaine smuggling methods and practices was particularly relevant to prove the charged importation conspiracy, a scheme dependent on numerous individuals performing discrete roles. Indeed, that conclusion is only reinforced by Vertil's attempt to portray himself as an unwitting participant. See Headley v. Tilghman, 53 F.3d 472, 475 (2d Cir. 1995) ("Where the accused's defense is that he was on the scene but unaware of any drug transaction, we have held that expert testimony may be introduced to explain the defendant's role in the transaction."); accord United States v. Lombardozzi, 491 F.3d 61, 78 (2d Cir. 2007). As for Flood's testimony to drug quantities and values, that evidence was relevant to charges of conspiracy and attempt to possess cocaine with intent to distribute. See United States v. Tapia-Ortiz, 23 F.3d 738, 741 (2d Cir. 1994) ("Testimony about the weight, purity, dosages, and prices of cocaine clearly

constituted true waiver, which would negate even plain error review. See United States v. Agrawal, 726 F.3d 235, 259 (2d Cir. 2013).

5

relates to knowledge beyond the ken of the average juror.").  Moreover, Vertil cannot demonstrate prejudice from this part of Flood's testimony as the jury acquitted him on these charges.

In short, we identify no error, let alone plain error, in the district court's receipt of expert testimony.

3.    Ineffective Assistance

Vertil argues that his counsel was constitutionally ineffective for failing to object to Flood's expert testimony, a claim subject to the two-step review detailed in Strickland v. Washington, 466 U.S. 668, 690, 693 (1984) (requiring defendant to show (1) attorney conduct falling outside wide range of professionally competent assistance, and (2) ensuing prejudice).   Despite the preference for review of ineffective assistance claims on motions filed under 28 U.S.C. § 2255 rather than on direct appeal, see Massaro v. United States, 538 U.S. 500, 504 (2003), because we have already concluded that Vertil's sufficiency and expert witness challenges fail, it follows that Vertil cannot make either of the required Strickland showings.   See United States v. Wellington, 417 F.3d 284, 288 (2d Cir. 2005) (denying ineffective assistance claim on direct review).

Accordingly, we reject his Sixth Amendment challenge as meritless.

4.    Conclusion

We have considered Vertil's remaining arguments and conclude that they are without merit.   We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6