18-3496
United States v. Price

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of April, two thousand twenty-one.

PRESENT:
        DENNIS JACOBS,
        ROBERT A. KATZMANN,
        STEVEN J. MENASHI,
            *Circuit Judges.*

───────────────────────────────

United States of America,

            *Appellee,*

        v.                                                                  18-3496

Sean Price, AKA Shawn Price,

            *Defendant-Appellant.*

───────────────────────────────


FOR DEFENDANT-APPELLANT:                     Sean Price, pro se,
                                             Manchester, KY.


FOR APPELLEE:                                Monica Castro, Susan
                                             Corkery, *for* Mark J. Lesko,
                                             Acting United States
                                             Attorney for the Eastern
                                             District of New York,
                                             Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Garaufis, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Sean Price was indicted on four counts relating to the transportation of a minor for sexual purposes. In late 2016 and early 2017, Price—then 39—encouraged a 16-year-old Australian girl, Jane Doe, to run away from home and paid for her travel from Australia to the United States. In May 2017, officers of the New York City Police Department, which had been working with Australian authorities, went to Price's home and entered without a warrant. After arresting Price, the police brought him to the precinct, where Price executed a written *Miranda* waiver. Subsequently, Price admitted that he drove Doe from Los Angeles to New York and had sex with her both before and after their arrival in New York. Price also provided written consent for a search of two phones recovered at his house, from which the police obtained evidence that further incriminated Price.

Price moved to suppress the evidence recovered following his arrest, arguing that the warrantless entry violated the Fourth Amendment. The district court denied the motion. *See United States v. Price*, No. 17-CR-301, 2017 WL 4838307 (E.D.N.Y. Oct. 23, 2017). Price was tried, convicted, and sentenced. He now appeals, contesting the district court's denial of his motion to suppress, and arguing that he received ineffective assistance of counsel. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

# I

We review the denial of a motion to suppress "for clear error as to factual findings ... and *de novo* as to questions of law." *United States v. Lyle*, 919 F.3d 716, 727 (2d Cir. 2019). The district court concluded that even if the warrantless entry into Price's home "had been unjustified, it still would not be proper ... to suppress" evidence connected to Price's "statements at the precinct." *Price*, 2017 WL 4838307, at *7. We agree.

"[W]here the police have probable cause to arrest a suspect, the exclusionary rule does not bar the State's use of a statement made by the defendant outside of his home, even though the statement is taken after an arrest made in the home in violation of [the Fourth Amendment]." *New York v. Harris*, 495 U.S. 14, 21 (1990). Here, the police undoubtedly had probable cause to arrest Price,[1] and there is no evidence that they violated Price's constitutional rights when questioning him at the precinct. As in *Harris*, Price's confessions and consent to search his phones "while the product of an arrest and being in custody, w[ere] not the fruit of the fact that the arrest was made in the house rather than someplace else." *Id.* at 20. Furthermore, even if the phones were improperly seized from Price's home in the first instance, the evidence contained therein was admissible because the police would inevitably have discovered the phones, which were known to be central to the defendant's attempts to lure Doe to New York. *See United States v. Heath*, 455 F.3d 52, 55 (2d Cir. 2006) ("[E]vidence obtained during the course of an unreasonable search and seizure should not be excluded if the government can prove that the evidence would have been

---

[1] When the police arrested Price, they had evidence that Doe was a minor and that Price had encouraged her to leave Australia, paid for her airfare to the United States, met her in Los Angeles, took her to New York, and had engaged in sexual activity with her.

obtained inevitably without the constitutional violation.") (internal quotation marks omitted). Therefore, the district court correctly declined to suppress Price's confessions and the evidence the police obtained pursuant his consent to search his phones.

## II

Price argues that he was deprived of the effective assistance of counsel because the government "dropped" a large volume of discovery materials on the "wrong attorney" toward the end of July 2017 and then made a plea-bargain offer that expired on August 11. He argues that there was insufficient time for any attorney to process the discovery material and advise him whether to accept the offer before it expired.

We decline to consider this argument on direct appeal. *See United States v. Nolan*, 956 F.3d 71, 84 (2d Cir. 2020) ("[I]n most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance.") (internal quotation marks omitted). A defendant claiming that ineffective assistance caused him to reject a favorable plea offer must establish, among other things, "a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler v. Cooper*, 566 U.S. 156, 164 (2012). Here, the record does not contain the terms of the

4

government's August 2017 plea offer, and we are unable to determine whether Price suffered prejudice.[2]

We have considered Price's remaining arguments, which we conclude are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] We acknowledge and reject Price's argument, based on *United States v. Cronic*, 466 U.S. 648 (1984), that he was not required to show prejudice. *Cronic* is a narrow exception to the prejudice requirement that applies when defense counsel "'*entirely fails*' to put on a defense for his client," *United States v. Wellington*, 417 F.3d 284, 288 (2d Cir. 2005) (quoting *Cronic*, 466 U.S. at 659), which plainly was not the case here, where Price received assistance from four court-appointed attorneys.