23-6477-cr (L)
United States v. Rech

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand twenty-four.

PRESENT: GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
MICHAEL H. PARK,
*Circuit Judges*.

-----------------------------------------------------------------
UNITED STATES OF AMERICA,

*Appellee*,

v.                                                               Nos. 23-6477-cr,
23-7364-cr

MICHAEL RECH,

*Defendant-Appellant*.

-----------------------------------------------------------------

FOR APPELLANT:                          Jonathan I. Edelstein, Edelstein & Grossman, New York, NY

FOR APPELLEE:                           Sean C. Eldridge, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Rochester, NY

Appeal from a judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-Appellant Michael Rech appeals from the October 6, 2023 judgment of the United States District Court for the Western District of New York (Siragusa, *J.*), convicting him, following a jury trial, of three counts of bank fraud in violation of 18 U.S.C. § 1344(2), eight counts of wire fraud in violation of 18 U.S.C. § 1343, and several counts of money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(ii) and 1957(a), all related to fraudulent Paycheck Protection Program loan applications. The District Court sentenced Rech principally to 57 months' imprisonment. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

2

## I.    Intended Loss

Rech contends that the District Court committed procedural error by applying the "intended loss" definition in the commentary to § 2B1.1(b)(1) of the United States Sentencing Guidelines to his advisory Guidelines range.  This resulted in a 14-level increase in Rech's total offense level.  *See* U.S.S.G. § 2B1.1 cmt. n.3(A) (defining "loss" as "the greater of actual loss or intended loss").  Rech claims that the Guidelines commentary is no longer authoritative in light of the Supreme Court's decision in *Kisor v. Wilkie*, 588 U.S. 558 (2019).  Under *Kisor*, Rech maintains, we defer to the Guidelines commentary only when a Guideline is genuinely ambiguous.  And the term "loss" in § 2B1.1, Rech asserts, unambiguously refers to actual rather than intended loss.  We are not persuaded.

We review this challenge under a "deferential abuse-of-discretion standard."  *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quotation marks omitted).  "This standard incorporates *de novo* review of questions of law, including our interpretation of the Guidelines."  *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018).  "A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory,

fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (quotation marks omitted). While this appeal was pending, we decided *United States v. Rainford*, 110 F.4th 455 (2d Cir. 2024), which squarely forecloses Rech's argument. In *Rainford*, we held that the Guidelines commentary that includes "intended loss" in the definition of "loss" remains authoritative after *Kisor*. *See id.* at 475 & n.5; *see also United States v. Zheng*, 113 F.4th 280, 299–300 (2d Cir. 2024). We therefore conclude that the District Court properly deferred to the Guidelines commentary interpreting "loss" under § 2B1.1(b)(1).

## II.     *Pro Se* Challenges

Rech independently filed two *pro se* supplemental briefs, mounting several challenges related principally to his trial and various motions he filed. We have carefully considered each of his arguments. Although we review *pro se* submissions liberally and interpret them "to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quotation marks omitted), we are not persuaded that any of these additional arguments warrants reversal. Most significantly, Rech believes that the evidence

4

adduced at trial was insufficient to support his conviction because it failed to show his involvement in the fraudulent loan applications.

"A defendant challenging the sufficiency of the evidence bears a heavy burden." *United States v. Landesman*, 17 F.4th 298, 319 (2d Cir. 2021) (cleaned up). Here, we review evidence adduced at trial "in the light most favorable to the prosecution," and we will uphold a conviction if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Capers*, 20 F.4th 105, 113 (2d Cir. 2021) (quotation marks omitted). We "defer to the jury's assessment of witness credibility and its assessment of the weight of the evidence." *United States v. Lewis*, 62 F.4th 733, 744 (2d Cir. 2023) (quotation marks omitted).

With these principles in mind, we conclude that the evidence adduced at trial was sufficient to support Rech's conviction. The Government presented overwhelming evidence of Rech's knowing participation in the fraudulent loan application scheme. The evidence included Rech's signatures on fraudulent loan applications, fraudulent documents found on his laptop and in his office, bank records showing his withdrawals of the amount of the loans, IP addresses used to sign and submit fraudulent applications that were traced to his residence, and

testimony from lenders who relied on the fraudulent applications that were submitted.

Rech also argues that his trial counsel provided constitutionally ineffective assistance by, among other things, failing to properly review the Government's evidence. We decline to consider this claim on direct appeal. *See United States v. Wellington*, 417 F.3d 284, 288 (2d Cir. 2005); *United States v. Khedr*, 343 F.3d 96, 100 (2d Cir. 2003). Where the appellate record does not include "facts necessary to adjudicate a claim of ineffective assistance of counsel, our usual practice is not to consider the claim on the direct appeal, but to leave it to the defendant to raise the claims on a petition for habeas corpus under 28 U.S.C. § 2255." *United States v. Oladimeji*, 463 F.3d 152, 154 (2d Cir. 2006). Should Rech choose to pursue his ineffective assistance claim, habeas proceedings will provide "the forum best suited to developing the facts necessary to determining the adequacy of representation." *See Massaro v. United States*, 538 U.S. 500, 505 (2003). Accordingly, we reject this claim on direct appeal without prejudice to Rech's right to pursue it in a collateral proceeding.

We have considered Rech's remaining arguments, including those raised in his *pro se* supplemental briefs, and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court